Good morning to both counsel. If we can call the case, please 3 23 0 0 75. The people of the state of Illinois Eppley versus Martin Ramirez appellant. Mr Briskman, are you prepared to proceed? Yes, Your Honor. Thank you. You may do so. Thank you. My name is Jacob Briskman and I represent the appellant Martin Ramirez and Consuelo Ramirez, who are here in my office off camera. May it please the court. Your honors, there was only one judgment below, which was that my client's claim was time barred based on society. Both parties now agree that that ruling was erroneous, but the parties disagree on what should happen next. We think that this matter should be remanded so the trial court can proceed on the merits. The state thinks that this court should proceed on the merits and affirm based on the record. While it is true that this court may affirm based on the record, it isn't true this court is required to do so. And we think it would be inappropriate for at least three reasons. Your honors, the erroneous position that the petition was time barred prevented full development of the claims. So the state is asking this court to affirm on an undeveloped record. Your honors, we weren't able to fully develop through testimony, the consequences of this conviction. My client's testimony, whether he had an apple or a metal pipe, how this is impacting his ability to become a parent. We didn't get to call to the stand his wife to discuss the equities involved. We never were able to subpoena the cousin about what the cousin said or understood. And we never were able to subpoena his attorney. The state claims that defense counsel's performance wasn't deficient, but that was never litigated, your honors. And so therefore that we believe the court should not affirm, but should rather remand to allow further development of these issues. Also, number two, another reason why we don't think it would be appropriate for the state arguments to be considered and for this court to proceed to the merits is because most of this arguments the state is now making, they never made in the lower court and we believe were largely forfeited. As your honors, as we mentioned in our briefing, in a case like this, where the government has opted not to file an answer to a section 214-01 petition, Illinois courts have made clear that all well-pled and unrebutted facts set forth in the petition shall be presumed true. So we think that our allegations are well-pled and unrebutted related to diligence and all the other allegations that we made in the petition. Mr. Briskman. Yes, if I may. Assuming everything is true, granting all reasonable inferences, aren't all the claims ultimately claims that could have been raised under an ineffective assistance of counsel theory in a post-conviction petition? Um, your honor. Yes. Um, there are many claims that could have been raised in a post-conviction petition, um, but we don't think that that bars us from bringing claims of a meritorious defense or claim, um, arising from an error of fact in the record based on the amendment in 2021. Your honors, um, in 2021, as we know, the legislature came out with C5 of 214-01 and C5 added additional elements that much must be proven by the petitioner. Namely that it was a final order of judgment based on a plea of guilty or nolo contendere and that it has a possibility of affecting, um, under federal immigration law. Your honor, this is a brand new amendment in 2021, and we believe we have led, properly pled the elements of this new amendment. We properly pled that this would affect him under immigration law. Um, we discussed that in paragraph 12 and the common law record, uh, C24, that this conviction is making him inadmissible under section 8 USC 1182. So, and because this is the first time, and so in terms of the court's ruling in Sosani, um, Sosani, as we know, was a case where the 1401 petition was filed before the amendment came out. And the amendment came out while the case was on appeal in Sosani. And the court in Sosani said, this is a court, this is a court of review and not a court of first view. And the Sosani court relied on Hunter holding that in Hunter, um, the doctrine was clearly expressed that the role of the court is to review, uh, is to correct based on the law before it, when it's judgment was entered. Your honors, Sosani cannot be said to apply here because the law in front of the trial court in Sosani is that there was no amendment here, there was an amendment when we brought the amendment had already been put in place that added a new statutory subsection with new elements that we believe we properly pled, so we don't believe that the ruling in Sosani can be controlling. Um, and we also believe that the ruling in Sosani, that it's a court of review and not a court of first view supports our claim that this matter should be remanded to the trial court so the trial court can proceed to the merits. Um, so that is, and we don't believe the state would be prejudiced, um, by a remand, namely because the state, uh, would be able to bring all of their assets that they brought in this, that they didn't bring in the trial court, but they did bring here. So we also think, um, that remand would be appropriate for that reason. Um, we also think remand would be appropriate and that this court should not affirm, um, based on the importance of the interest here. Uh, I think it's a good time to recall what the Illinois Supreme court has said about two 14 Oh one. And I quote relief should be granted under section two 14 Oh one when necessary to achieve justice. To accomplish that goal, the statute is to be construed liberally. So your honors, the importance of the interest here as this conviction is preventing my client from getting his green card as, um, was laid out in the petition. He's an excellent husband to his wife who wrote a very heartfelt letter that's in the petition. Employee, uncle, friend, community member. And we believe that those facts, we should be allowed to further develop those facts, which we were not allowed because of, um, the trial court's erroneous determination, cutting off, um, litigation and not allowing our evidentiary hearing. And your honor, so we can quibble about whether ineffective assistance of counsel claims are cognizable under 14 Oh one, but your honor, we. We don't think that's the main issue here because we have brought cognizable claims in terms of meritorious defenses or claims within the context, the broader context of the sixth amendment, namely, um, my client, and we've properly pled this, did not know he was being charged with a metal pipe. He thought he was being charged with possession of an apple, which someone was alleging maybe that marijuana had been inhaled from the apple. Your honors, it's very, that's an important distinction, a pipe or an apple, because a pipe is listed under. Drug, uh, the, what is considered drug paraphernalia in Illinois and apple is not, so we believe that this distinction did create an error of fact. My client erroneously thought he was being charged with something else and it did give rise to a meritorious claim of actual innocence of not possessing the pipe and potentially different. Um, consequences would have flown from that. And also there's another meritorious defense within the context of the, uh, of the sixth amendment claim, which is that my client did not understand, and this is an error of fact, he was never apprised of his right to challenge the non-consensual search of his room. Doesn't a voluntary plea foreclose any argument that he might have had a non-consensual search under the pallet case? Your honor, and I know the state mentions that, but if it's not a voluntary and knowing plea overall, I don't see how it could be valid waiver. My client did not fully communicate with his attorney, as we've alleged in the petition, we've alleged that it was his cousin who did the interpretation, so we don't believe that any plea was voluntary and knowing to give rise to waiver of any other defense, if he didn't understand what he was being charged with until the research, uh, related to this 214-01 petition, we don't believe that it was a waiver, waiver is that he understood what was going on. Here, he didn't understand what he was actually being charged with. And he had no idea that the claims could give rise to a fourth amendment challenge. So it's our position that the subsequent plea, not understanding all of his rights could not have knowingly waived the, um, his fourth amendment challenge or this idea that he was actually innocent of possessing the metal pipe. So he didn't understand what he was pleading guilty to. So we don't think that plea can constitute a waiver. And with that, I will reserve the balance of my time. Very well. Thank you. Um, any questions from, uh, justice Peterson or justice Davenport? I do not. Uh, Ms. Schwinn, you may proceed. Thank you, your honor. Uh, may it please the court and I guess now good afternoon. Uh, my name is Kristen Schwinn, uh, on behalf of the people of the state of Illinois, specifically the DuPage County state's attorney's office. Um, and I am the appellee in this case. Uh, as we set forth in our, uh, brief, we do agree that the trial court aired when it dismissed, um, on timeliness grounds, um, in that section C5 provides an exception to the time limitations to file a petition for relief from judgment. Specifically under C5, it sets forth that they may file a petition under that section under any time. So we do agree that it was incorrect to, um, find that the petition was barred because it was not brought within two years, just, and just so the record's clear, that was at your client's request. It wasn't sua sponte by the trial court. At our, excuse me, at our request, state's attorney made a motion to dismiss. The state's attorney, um, did discuss, um, in their, uh, oral art oral argument that, um, uh, the defendant was properly admonished. Um, as well, I'm saying the state asked the trial court to dismiss the two 1401 petition on, on timeliness grounds. That is, that is true. They say they do stay on the passage of time. I don't know if they specifically discuss the timeliness grounds of a two year. I think, um, I mean, you're confessing error, but I'm just pointing out. I agree. The trial court didn't do a sua sponte. I do believe it was an inartful, um, reference to the passage of time. And I believe that, um, regardless of the intentions, uh, the state does agree that it was an improper basis to find the dismissal that being said. Um, I believe justice Brennan, as you, um, uh, stated in your, uh, questioning to opposing counsel, um, the appellate court can affirm for any basis in the record. I mean, this is a DeNoble review and the trial court, um, the reviewing court can affirm on a basis of the trial court did not rely on, um, and even if the trial court's reasoning was not correct. Um, I think, uh, opposing counsel misconstrues our argument. Um, our claims that we set forth in our brief are legal claims. These are not factual disagreements. We certainly understand that at this stage, given every reasonable interpretation to take, um, the matters as true, that being said, there are claims, these claims are merited merit dismissal for legal basis is one of which these are constitutional claims and a petition for relief from judgment. Our deal with claims of fact, um, unless it's void and we do not, our, you know, the, the issue is not that this judgment is void. So these claims are not cognizable in a two 14 or one petition. And I believe, you know, there is, there was some discussion by council that this is a, an equitable forum and that these should be considered, but you know, the, and I apologize, I have not had time to file a motion, but the Illinois Supreme court came out this morning with people V Wells, uh, that's 2023. Um, I L one, two, seven, one, six, nine, which discusses a, another recently, um, enacted amendment to the two 1401 statute subsection E dash five, which is the ability, um, for a defendant to come in and challenge, um, a sentencing parameter and raise issues of domestic violence in that case, they did discuss, um, whether or not a defendant could raise this if it was in a fully negotiated plea and the, um, Supreme court said, no, this is not essentially a catch-all phrase, a catch-all provision to, um, make allegations of any sort of, uh, claim related to this domestic violence. Um, you have to act within the parameters of the two 14 or one statute. And that is what we're asking, um, this court to find, which is there is a under, you know, in this case, C five, which is a newly created subsection that permits, um, relaxation of the time limitation requirements to file a petition for relief from judgment. That being said, they must still meet the requirements or the petition for relief from judgment. Being that claims of constitutional nature are not appropriate for these, for this, um, statutory vehicle. Um, I believe justice Brennan, as you mentioned, these are claims for a post conviction petition as, and as defendant concedes they, he could have brought them in this, he could have brought them in a post conviction petition. The two 14 or one is not a catch-all to bring claims that, um, should have been brought in other forums. And now due to, you know, unknown reasons or known reasons, um, they did not. And now they're, they're seeking to shoehorn it in a petition for relief from judgment. Additionally, um, even if this court were to find that these claims are cognizable, they, as we argued also in, at, um, the argument on this motion, they, the court was given the admonishments and the excuse me, the court gave the admonishments to the defendant and the defendant said he understood via an interpreter that they understood the rights and they understood specifically that this condition may have immigration consequences. And when asked, the defendant said, um, that he, that he understood. Similarly, the court went through that there would be no trial, no opportunity to bring the witnesses to call or cross examine the witnesses, and he agreed that he was giving it up. Therefore he was aware of this, the court, um, so any error in terms of immigration was cured under Valdez by the, um, circuit court's admonishments. Additionally, um, again, as Justice Brennan, as you, as you raised, um, the claims that the defendant raises are claims that would have been waived that would have, that are waived because, um, the defendant entered into a guilty plea, you do waive all constitute all non-jurisdictional defects, including constitutional defects when you plead guilty, you know, the defendant, um, essentially makes an argument of if I raise ineffective assistance of counsel, no matter what claim I bring, I can never have a voluntary plea if I, if the defendant ultimately entered into a guilty plea and, you know, it's the state's position that the case all just doesn't bear that out. I believe we did cite a case in our, um, in our brief that mentioned that the claim for failing to raise a, an issue on suppression was waived by a, um, guilty plea. And we believe that these claims in terms of a suppression of what was, what was in, whether or not there wasn't a fourth amendment issue or whatnot, those were waived once he entered into a, um, enter and entered into a guilty plea. And there is no claim that the trial court failed to admonish him properly under, um, Supreme court rule 402. Uh, one moment, please, your honor. Um, just finally, you know, I will just briefly touch on, there was some argument in regard to needing to develop the claims further. We are, um, it is the defendant's burden to set forward a petition that is sufficient. We believe that based on our arguments, um, these legal arguments, there is no need to further, um, have any sort of, uh, further argument or, uh, proceedings on this issue due to the legal claims that they're making and the fact that the case law sets forth that these claims are not viable and warranted dismissal. Um, discussion about being, um, a husband and a family member of society while laudable are not relevant as it pertains to the guilty plea. Those are of course, um, issues for the immigration court, which this court and the trial court are not of. And it, that issue here is the propriety of the guilty plea and the propriety of whether or not, um, the guilty plea was, uh, knowing and voluntary and specifically in this case, whether or not, um, the dismissal of the petition for relief from judgment was proper if there are no further questions from the panel, uh, justice Peterson or justice Davenport, just because I think you're muted, I apologize. I do not have any other questions. Then, uh, for the foregoing reasons that the people set forth in their brief, we would ask that this court affirm, um, the judgment of the trial court. Thank you, uh, Mr. Briskman. Thank you, your honor. Um, just a couple of things I just wanted to clarify is the, the trial court didn't dismiss the petition. Um, it's, uh, it's in the record on our 14 is, uh, the trial court denied the petition is one of the things. And we don't believe the state ever asked for dismissal. Um, we believe it's on our 14 line 19, based on that in the passage of time, the fact that this was a negotiated plea. And the fact that it resulted in court supervision, the state would ask that you deny this motion at this time. Um, so the state never asked for dismissal. Uh, the state asked for an adjudication and the denial, uh, this is not a rhetorical question. How would that distinction either way? Impact our analysis in general. Um, any, any argument that the state is making now that it wasn't a proper, a properly pled claim. Um, they didn't make below. They basically asked for a full adjudication and tried to argue the  Um, they are, and one, one thing I wanted to also highlight is, uh, this idea of whether, uh, my client waived, uh, these arguments, um, in this, in the state's reply, uh, response, the state talks about how, um, defendant waived his claims when he voluntarily pleaded guilty and that a voluntary, uh, guilty plea waives all non-jurisdictional defects and defenses, including constitutional errors. Your honor, we don't believe this was a voluntary plea at the end of the day. And for that reason, we believe that this was not a knowing there's an element to waiver of knowing what you're waving. He did not know what he was being charged with and he did not know he had the right to challenge the search of his room. Um, properly pled claims. And we believe that it's a little bit of a distraction just to talk about whether constitutional claims can be brought in a 1401 petition, because we believe within the bounds within the framework, as I mentioned before, of the sixth amendment claim, we have properly pled 1401 claims, which are errors of fact, which give rise to a meritorious defense or claim. My client had some errors of fact, based on discussions with his attorney, the fact of what he was being charged with, whether he could institute a challenge to the search of his room, we believe that these errors of fact, give rise to a meritorious defense or claim. So we believe we have properly pled. Um, and one thing I know that the state just mentioned this B five, um, under B five is the, an amendment to 1401 that talks about if somebody was convicted of a forcible felony and was a victim of domestic violence, and that wasn't brought up, they could bring a claim. And I was looking and I know that there was a case decided in 2021. Um, Bowers and that's a 2021 Illinois appellate for two zero zero five Oh nine, where someone brought a claim under B five saying that, um, a, uh, a 1990 conviction should be vacated. And the court in Bowers specifically discussed that there was no change to the statute of limitations and B five. That is not the case with us. There's a clearly and specific change to the statute of limitations in C five. And we believe that because this claim, um, is a new amendment and we've properly pled the claim that we should get the benefit and your honors. I also just want to say that in terms of the undeveloped record, um, the, uh, certainly this court can affirm based on any reasoning in the record, but the, the impetus of that doctrine, I believe is this Bowman, um, Bowman versus Cooper case from 1936 in Illinois Supreme court case. And that was a case whether certain, um, votes were properly cast after a trial. So that was a case where it was a practical situation where the court had a lot to look over a lot of testimony, a fully developed record, and was able to affirm based on other reasons. We don't believe that with this record being not developed, that it would be appropriate for this court to affirm, uh, based on other reasons. And with that, I think the court, if there are no other questions, justice Peterson or justice Davenport. No. I do not. Uh, the court, thanks, uh, both parties for spirited argument. We will take the matter under advisement and, uh, render a decision in due course. Thank you very much. Thank you, your honors. Thank you. Thank you.